conveyance, the court will now look into the agreement only for the purpose of ascertaining whether the consideration for the conveyance was such as a court of equity will sustain as against the creditors of the grantor. Looking into the agreement for that purpose I find that full and adequate compensation had been made by defendant under an agreement between him and the bankrupt, made while the latter was amply solvent, and when he had a perfect right as against all the world to make the same, and hence that the conveyance ought to be sustained. This, however, relates to the one hundred and seven acre tract only. The twenty acre tract stands upon entirely different grounds. It was not included in the original or any subsequent agreement. And as to its being in payment of any indebtedness of the bankrupt to the defendant, it is clear to my mind, from the proofs in the case, that the idea of debtor and creditor, as between these two, never existed. The son, the defendant here, was to have the Butterfield farm, and, in turn, was to support and maintain the three minor children, his sisters, have the support of himself and family out of the proceeds of the farm, and the bankrupt was to have the rest. Defendant may have done for and paid his father more than the land was actually worth in the encumbered condition in which the title was made over to him, but so long as that arrangement was allowed to continue and remain open between them, their transactions must be referred to it except in cases where it clearly appears that such was not the intent. No books of account were kept between them, and at the time of the conveyance no settlement was had, no computation of how much had been paid by defendant to his father, and no claim made of any balance due him; but it is evident from the whole transaction between them, down to and including the giving of the deed as detailed by the proofs, that it was a sort of lumping transaction, so to speak, and that the conveyance of the farm was all defendant ever expected from his father for past transactions, and that it was received by him in full satisfaction. But as between the defendant and his father's creditors, the one hundred and seven acre tract is all he had any right to expect or receive, and therefore the twenty acre tract must be held to belong to the assets of the bankrupt's estate.

As to the personal property it was objected at the hearing that the assignee had a complete remedy at law, and therefore cannot recover for the same by bill in equity. This objection comes too late. It was not taken by demurrer nor by way of answer, but was first made at the hearing. A court of equity will not refuse to take jurisdiction of a cause merely on the ground that complainant has a complete remedy at law where, as in this case, the parties have submitted their rights to the jurisdiction of the court without objection, especially where proofs have been taken and a hearing upon the merits has been entered upon. See 6 N. Y. 147; 4 Cow. 727; 11 Paige, 569; 4 Johns. Ch. 399; 2 Caines, Cas. 57; 1 Atk. 126. If, as has been before intimated, the relation of debtor and creditor did not exist between the defendant and his father, then there was no consideration for the transfer of any of the personal property to defendant, any further than as such transfers were accompanied by a then present consideration passing from defendant. But even allowing that the relation of debtor and creditor did exist between them, (which, however, I understood to be disclaimed at the hearing), and that such property was received by defendant on account, I think he is not entitled to hold the same as against his father's creditors, for the reason that he had reasonable cause to believe that his father was insolvent. His father's insolvency seems to have become quite notorious in that community, and defendant himself testifies that he had "heard stories" about his father's embarrassments, and one of the creditors testifies to a conversation with defendant about his debt, in which he told him he should sue if it was not paid.

Upon the whole, therefore, the defendant must be decreed to account to complainant for all personal property received by him from the bankrupt at any time within four months next previous to the filing of the petition for adjudication of bankruptcy. Let a decree be entered in favor of complainant for the twenty acres of land, for the payment of six hundred and five dollars and fifty cents, for the personal property, and for costs, and dismissing the bill as to the one hundred and seven acres of land known as the "Butterfield Farm."

---

POST v. HUGHES. See Case No. 8,609.

---

## Case No. 11,300.

### POST v. ROUSE.

[1 Wkly. Notes Cas. 39.]

Circuit Court, D. Missouri. Oct. 21, 1874.

COURTS—JURISDICTION OF UNITED STATES CIRCUIT COURT.

This was a suit by an assignee in bankruptcy for the district of Missouri against a citizen of Pennsylvania, alleging a preference. Plea, that the circuit court had no jurisdiction, the district court having exclusive jurisdiction, under the bankrupt act, except in the district where the assignee was appointed. Demurrer to plea.

Dickson & Platt, for plaintiff.
Mr. Hanna, for defendant.

THE COURT held that defendant must answer over, the circuit court having jurisdiction by reason of the citizenship of the parties, under the judiciary act of 1789 [1 Stat. 73].